UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH SUGGS ]
    Petitioner, ]
]
v. ] No. 3:08-0617
] Judge Trauger
CHERRY LINDAMOOD ]
    Respondent. ]

O R D E R

On June 16, 2008, the petitioner initiated this action with the *pro se* filing of a petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus.

Upon preliminary review of the petition, the Court determined that it had not been filed in a timely manner. Accordingly, an order (Docket Entry No.2) was entered granting the petitioner twenty (20) days in which to show cause why the petition should not be denied for that reason.

Since the entry of this order, the petitioner has filed a response (Docket Entry No.4) to the show cause order. In the response, the petitioner provides additional information not found in his petition. He believes that this additional information shows that his habeas corpus petition is timely. For the reasons stated below, however, the petitioner has miscalculated the timeliness of his petition.

The petitioner pled guilty to three counts of child rape. The convictions became final, for purposes of timeliness, on August 6, 2001, ninety (90) days after the Tennessee Supreme Court denied petitioner's application for discretionary review (May 8, 2001). <u>Isham v. Randle</u>, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the one year limitation period allowed for the filing of a habeas corpus petition began to run from August 7, 2001.

According to the petitioner's response, two hundred fifty nine (259) days elapsed before the petitioner filed a petition for state post-conviction relief (August 7, 2001 through April 22, 2002). The limitation period was tolled during the time that the petitioner had a properly filed post-conviction petition pending in the state courts. 28 U.S.C. § 2244(d)(2). The post-conviction proceedings concluded in the state courts on June 20, 2007, the date that the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief.

Upon completion of the state post-conviction proceedings, the limitation period resumed, giving the petitioner one hundred six (365 - 259) days, or until October 4, 2007, in which to initiate the instant action. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002)(limitation period resumes at the point where it was tolled rather than starting anew). The petitioner avers that his habeas corpus petition was placed in the prison postal system on June 16, 2008, more than eight months after the limitation period had elapsed.

Accordingly, the Court finds that this action is untimely. The petitioner's petition (Docket Entry No. 1) is DENIED and this action is hereby DISMISSED. Rule 4, Rules - - - § 2254 Cases. Because this action is untimely, the petitioner is unable to make a substantial showing of the denial of a constitutional right. Therefore, should the petitioner file a timely Notice of Appeal, such Notice shall be treated as an application for Certificate of Appealability, 28 U.S.C. § 2253(c)(2), which shall NOT issue.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge